EXHIBIT 1

ELECTRONICALLY FILED - 2017 May 10 5:19 PM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4201652

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | SEVENTH JUDICIAL CIRCUIT |
| | ) | |
| COUNTY OF SPARTANBURG | ) | COURT OF COMMON PLEAS |
| | ) | |
| Margaret Lynn Bishop and | ) | |
| Shunda Marlena Hamer, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **SUMMONS** |
| v. | ) | |
| | ) | |
| Swift Transportation Co. of Arizona, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**TO THE DEFENDANT ABOVE-NAMED:**

You are hereby summoned and required to answer the Complaint in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your answer to same upon the subscribed at 307 Pettigru Street, Greenville, South Carolina, 29601 within thirty (30) days after the service of same, exclusive of the day of such service. If you fail to answer same within the thirty (30) day period, Plaintiff will apply to the Court for the relief demanded therein and judgment will be taken against you by default.

*[signatures and date on following page]*

ELECTRONICALLY FILED - 2017 May 10 5:19 PM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4201652

**Horton Law Firm, P.A.**

s/ Jeremy R. Summerlin
**Jeremy R. Summerlin**
S.C. Bar No. 101383
jsummerlin@hortonlawfirm.net
307 Pettigru Street
Greenville, SC  29601
864.233.4351   864.233.7142 fax

**Thomas J. Thompson**
Townsend & Thompson
S.C. Bar No. 5557
tandt@backroads.net
210 West Laurens Street
Post Office Box 215
Laurens, South Carolina  29360
864.984.6554   864.984.8000 fax

*Attorney for Plaintiffs*

May 10, 2017

ELECTRONICALLY FILED - 2017 May 10 5:19 PM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4201652

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | SEVENTH JUDICIAL CIRCUIT |
| | ) | |
| COUNTY OF SPARTANBURG | ) | COURT OF COMMON PLEAS |
| | ) | |
| Margaret Lynn Bishop and | ) | |
| Shunda Marlena Hamer, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | (JURY TRIAL DEMANDED) |
| | ) | |
| Swift Transportation Co. of Arizona, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiffs Margaret Lynn Bishop ("Bishop") and Shunda Marlena Hamer ("Hamer") (collectively referred to as "Plaintiffs") bring this claim against Defendant Swift Transportation Co. of Arizona, LLC ("Defendant") based on the allegations set forth below.

## NATURE OF THE CLAIMS

1.      This action is brought for unpaid overtime compensation, for liquidated damages, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff Bishop is a citizen and resident of the County of Laurens, South Carolina.

3.      Plaintiff Hamer is a citizen and resident of the County of Greenville, South Carolina.

4.      Defendant Swift Transportation Co. of Arizona, LLC is a Delaware corporation that is licensed to do business in South Carolina. During all times relevant to this Complaint, Defendant operated and continues to operate a transport terminal in Greer, South Carolina, which is in Spartanburg County. Therefore, venue is proper in Spartanburg County, and this court has personal jurisdiction over Defendant.

ELECTRONICALLY FILED - 2017 May 10 5:19 PM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4201652

5. This Court has subject matter jurisdiction over the claims in this lawsuit under article V § 11 of the South Carolina Constitution and South Carolina Code § 14-5-350, and pursuant to 29 U.S.C. § 216(b).

## FACTS

### (Plaintiff Bishop)

6. For nearly thirty years, Plaintiff Bishop worked for Defendant. During the last eighteen years of employment with Defendant, Plaintiff Bishop worked as a driver services coordinator in the Greer, South Carolina terminal.

7. Plaintiff Bishop was paid on a salary basis and regularly worked more than forty hours per work week. Additionally, at periodic times throughout her employment, Plaintiff Bishop was required to come to work on a Saturday and work additional hours at no extra pay. Plaintiff Bishop was told by her supervisor, Lacresha Tatum, that Plaintiff Bishop had to work these extra hours to "give back to the company" because "the company has been good to the employees."

8. Defendant deliberately misclassified Plaintiff Bishop as a "salaried exempt" employee and failed to pay her overtime for the hours she worked over forty in a given workweek.

9. Plaintiff Bishop does not meet the criteria for any of the exemptions (professional, executive, or administrative exemptions) under the FLSA, and therefore Defendant improperly classified her as exempt from overtime pay in violation of the FLSA.

10. Specifically, Plaintiff Bishop did not customarily or regularly supervise two or more employees, nor did she have the authority to hire or fire employees. Further, Plaintiff Bishop's job duties did not permit her to exercise discretion or independent judgment with respect to matters of significance.

ELECTRONICALLY FILED - 2017 May 10 5:19 PM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4201652

**(Plaintiff Hamer)**

11.     From February 2014 to February 2016, Plaintiff Hamer worked for Defendant. During the last fifteen months of employment with Defendant, Plaintiff Hamer worked as a driver services coordinator in the Greer, South Carolina terminal.

12.     Plaintiff Hamer was paid on a salary basis and regularly worked more than forty hours per work week. Periodically throughout her employment, Plaintiff Hamer was required to come to work on a Saturday to work additional hours at no extra pay.

13.     Defendant deliberately misclassified Plaintiff Hamer as a "salaried exempt" employee and failed to pay her overtime for the hours she worked over forty in a given workweek.

14.     Plaintiff Hamer does not meet the criteria for any of the exemptions (professional, executive, or administrative exemptions) under the FLSA, and therefore Defendant improperly classified her as exempt from overtime pay in violation of the FLSA.

15.     Specifically, Plaintiff Hamer did not customarily or regularly supervise two or more employees, nor did she have the authority to hire or fire employees. Further, Plaintiff Hamer's job duties did not permit her to exercise discretion or independent judgment with respect to matters of significance.

## CAUSE OF ACTION
**(Fair Labor Standards Act—Failure to Pay Overtime)**

16.     Plaintiff incorporates by reference all prior allegations into this cause of action.

17.     Defendant is an "employer" for purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(s), because it has annual gross sales or business of at least $500,000.00 and has employees engaged in interstate commerce. In addition, Plaintiffs are covered employees under the FLSA because they were involved in interstate commerce on a regular basis during their employment with Defendant.

18.     Plaintiffs routinely worked in excess of forty (40) hours per workweek for Defendant.

19.     Defendant failed to pay Plaintiffs at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty hours weekly as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

20.     Plaintiffs are entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

21.     The failure of Defendant to compensate Plaintiffs for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

22.     Plaintiffs are also entitled to liquidated damages equal to the amount of unpaid overtime compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

23.     Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

24.     The work and pay records of Plaintiffs are in the possession, custody, and/or control of Defendant, and Defendant is under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendant's liability can be ascertained. Plaintiffs request an order of this Court requiring Defendant to preserve such records during the pendency of this action.

**WHEREFORE**, Plaintiffs request that this Court enter judgment in their favor and against the Defendant as follows:

ELECTRONICALLY FILED - 2017 May 10 5:19 PM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4201652

a.  A declaratory judgment that Defendant has willfully and in bad faith violated the minimum wage and overtime compensation provisions of the FLSA, and have deprived Plaintiffs of their rights to such compensation;

b.  An order requiring Defendant to provide a complete and accurate accounting of all the minimum wages and overtime compensation to which Plaintiffs are entitled;

c.  An award of monetary damages to Plaintiffs in the form of back pay for unpaid overtime compensation due, together with liquidated damages in an equal amount;

d.  Injunctive relief ordering Defendant to amend its wage and hour policies to comply with applicable laws;

e.  Pre-judgment interest;

f.  Attorneys' fees and costs; and

g.  Award Plaintiff such other legal and equitable relief as this Court may deem proper.

Respectfully Submitted,

s/ Jeremy R. Summerlin
**Jeremy R. Summerlin**
The Horton Law Firm, P.A.
S.C. Bar No. 101383
jsummerlin@hortonlawfirm.net
307 Pettigru Street
Greenville, SC  29601
864.233.4351   864.233.7142 fax

**Thomas J. Thompson**
Townsend & Thompson
S.C. Bar No. 5557
tandt@backroads.net
210 West Laurens Street
Post Office Box 215
Laurens, South Carolina  29360
864.984.6554    864.984.8000 fax

*Attorneys for Plaintiffs*

May 10, 2017

ELECTRONICALLY FILED - 2017 May 10 5:19 PM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4201652